UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

In re:

LOONEY RICKS KISS ARCHITECTS, INC.          Case No. 10-22034-jdl
      Debtor.                                             Chapter 11

**LIMITED OBJECTION OF IBERIABANK, FSB
TO EMERGENCY MOTION (I) AUTHORIZING USE OF CASH COLLATERAL
PURSUANT TO 11 U.S.C. §§ 363 AND 361, (II) GRANTING ADEQUATE
PROTECTION PURSUANT TO 11 U.S.C. §§ 363 AND 361 AND (III) SCHEDULING A
FINAL HEARING PURSUANT TO RULE 4001(C)**

      **COMES NOW,** IBERIABANK, fsb, as successor to Pulaski Bank, ("Iberia") and submits this limited objection to the Debtor's Emergency Motion (I) Authorizing Use of Cash Collateral pursuant to 11 U.S.C. § 363 and 361, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 363 and 361 and (III) Scheduling a Final Hearing Pursuant to Rule 4001(c) (the "Motion"). In support of said limited objection, Iberia would show to the Court as follows:

      1.      On February 23, 2010, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its business and manage its properties as Debtor-in-possession. No trustee or examiner has been appointed in the above-captioned case (the "Chapter 11 Case"), nor has any official creditors' committee been formed in the Chapter 11 Case.

      2.      On February 24, 2010, the Debtor filed the instant Motion seeking authorization to use cash collateral and to grant adequate protection.

3.    In order to use cash collateral the party holding an interest in the cash collateral must consent or the Court may authorize such use upon ordering adequate protection of the lienholder's interests. 11 U.S.C. §§ 361 and 363(a).

4.    On or about July 30, 2008, prior to the Petition Date, the Debtor, as borrower and Iberia as lender executed the following documents (i) a Business Loan Agreement in the original principal amount of $2,000,000.00 (Loan No. XXXXXX4424); (ii) a demand Promissory Note in the original principal amount of $2,000,000.00 (Loan No. XXXXXX4424); (iii) a Corporate Resolution to Borrow/Grant Collateral (Loan No. XXXXXX4424); (iv) Business Loan Agreement in the original principal amount of $2,000,000.00 (Loan No. XXXXXX4416); (v) a demand Promissory Note in the original principal amount of $2,000,000.00 (Loan No. XXXXXX4416); (vi) a Corporate Resolution to Borrow/Grant Collateral (Loan No. XXXXXX4416); and (vii) a Commercial Security Agreement (Loan Nos. XXXXXX4424, XXXXXX4416 and XXXXXX4262) (collectively, the "Pre-petition Obligations").

5.    The Pre-petition Obligations are secured by liens against substantially all of the assets of the Debtor, including, specifically, all inventory, chattel paper, accounts, equipment, general intangibles, furniture and fixtures, and the proceeds thereof.

6.    The Debtor acknowledges that as of the Petition Date, the outstanding balance due and owing to Iberia was at least $2,017,966.42. *See* Debtor's Schedule D, (Doc. No. 1 p. 18).

7.    Currently, there is no order authorizing the Debtor to use Iberia's cash collateral or providing for adequate protection of Iberia's interest in the Debtor's interest in the cash collateral which is sought to be used and Iberia has not consented to the use by the Debtor of its cash collateral.

8. As currently postured, the granting of replacement liens alone may not adequately protect Iberia's interest in the cash collateral as it is unclear whether sufficient new receivables will be generated to replace those dissipated by the Debtor's proposed use of cash collateral. The parties have had discussions concerning a Consent Order on Interim Use of Cash Collateral that will provide adequate protection of Iberia's interests in the cash collateral; however, no such order has been finalized or entered at this time.

9. Iberia objects to the Motion absent entry of an order adequately protecting Iberia's interests in the cash collateral.

10. Due to the emergency setting on the Motion, Iberia reserves the right to raise additional objections at the hearing on the motion.

**WHEREFORE,** Iberia respectfully requests that the Court deny the requested use of cash collateral or condition the approval of the use of cash collateral requested upon adequate protection being afforded to Iberia on account of its interest in the Debtor's cash collateral and prays for such other, further and general relief to which it may be entitled.

**Respectfully submitted,**
**BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC**

/s/ James E. Bailey III
   James E. Bailey III (015979)
6075 Poplar Avenue
Suite 500
Memphis, TN 38119
(901) 680-7200
(901) 680-7201 facsimile
jeb.bailey@butlersnow.com

**Attorneys for IBERIABANK, fsb**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served on the United States Trustee, Counsel for the Debtor, the List of the 20 Largest Unsecured Creditors for the Debtor this 24th day of February, 2010 via first class U.S. mail, postage prepaid or electronically via the Court's CM/ECF system.

/s/ James E. Bailey III

Memphis 1583808v1