### UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

IN RE: LOONEY RICKS KISS ARCHITECTS, INC.   CASE NO. 10-22034-JDL

      DEBTOR.   CHAPTER 11

_____

### UNITED STATES TRUSTEE'S OBJECTION TO EMERGENCY MOTION (I) AURTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. §§ 363 AND 361 (II) GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 363 AND 361, AND (III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(c)

The United States Trustee for Region 8 ("UST") objects to the Debtor's Emergency Motion (I) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §§ 363 and 361 (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 363 and 361, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(c) ("Motion"). The hearing on the Motion has been scheduled for February 25, 2010 at 9:01 AM. In support of this Objection, UST states:

1.      On February 23, 2010 Looney Ricks Kiss Architects, Inc. ("Debtor") filed a voluntary petition under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

2.      The Debtor filed its Motion on February 24, 2010.

3.      The Section 341 Meeting of Creditors' has been scheduled for March 19, 2010 at 2:30 p.m., but such has not yet been noticed upon creditors or the Debtor.

4.      The UST has solicited the Twenty Largest Unsecured Creditors in order to form an Official Committee of Unsecured Creditors ("Committee"); however, there has not been sufficient time for the formation of a Committee much less for the Committee

to obtain and employ professionals.  As such, any Committee has not had adequate opportunity to comment on the Motion.

5.      The Debtor's Motion and Declaration of H. Frank Ricks, Jr. filed in support thereof sets out that Iberia Bank has a blanket lien on substantially all of the Debtor's assets.

6.      UST is unaware of any draft interim order that would authorize the use of cash collateral.  Upon information and belief, negotiations may still be continuing between the Debtor and Iberia Bank.  Out of an abundance of caution, UST objects to the Motion so that UST may preserve the right to appear and be heard with regard to any resolution of the Motion.

7.      As to any interim or final order granting the use of cash collateral, UST requests inclusion of the following language in the order:

* Nothing in this Order shall be construed as an improvement of the value of Iberia Bank's pre-petition security or security interest as of the date of the filing of the petition.

* Nothing in this Order shall be construed to be an adjudication as to the extent, validity, and priority of Iberia Bank's pre-petition security or security interest as of the date of the filing of the petition.

8.      Any interim or final order should specifically provide assurance of the payment of fees accruing under 28 U.S.C. § 1930(a)(6) from cash collateral. Specifically, the UST would request that there be 1) a carve-out for quarterly fees and 2) language added to any interim or final order to the effect that payment of quarterly fees would be deemed the ordinary use of cash collateral.

9.      All acknowledgements and waivers of claims related to the validity

perfection enforcement and non-avoidability of the prepetition indebtedness and waivers

of lender liability claims contained in the interim or final order should be in for form of a

stipulation limited to the Debtor and not binding on the estate, the committee, or a

trustee.  Nothing in the interim or final order should be construed to be an adjudication

as to the extent, validity, and priority of Lender's pre-petition security or security interest

as of the date of the filing of the petition.

10.     The UST reserves the right to raise additional objections at the hearing on

the Motion.

WHEREFORE, the United States Trustee respectfully requests that the Court

deny the Debtor's Emergency Motion (I) Authorizing Use of Cash Collateral Pursuant to

11 U.S.C. §§ 363 and 361 (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§

363 and 361, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(c),

or in the alternative, that the Court fashion a result which protects the interests of the

unsecured creditors and preserves recourse by a potential Chapter 7 trustee and for

such other and further relief as may be deemed appropriate.


Respectfully submitted,

RICHARD F. CLIPPARD
UNITED STATES TRUSTEE, REGION 8

/s/ Carrie Ann Rohrscheib, Trial Attorney (#22991)
United States Department of Justice
Office of the United States Trustee
200 Jefferson Avenue, Suite 400
Memphis, Tennessee 38103
(901) 544-3303

3

**CERTIFICATE OF SERVICE**

      I, Carrie Ann Rohrscheib, hereby certify this 24th day of February, 2010 service of a true and accurate copy of the foregoing by electronic means and/or via regular U.S. Mail, postage prepaid, to the following persons in accordance with Guideline 17B of the Amended Guidelines for Electronic Filing.

                    <u>/s/ Carrie Ann Rohrscheib</u>, Trial Attorney (#22991)

Debtor
Debtor's Attorney
Twenty Largest Unsecured Creditors