UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

___

In re:

LOONEY RICKS KISS ARCHITECTS, INC.,         Case No. 10-22034-JDL
                                             Chapter 11
       Debtor.

___

### MOTION FOR ORDER AUTHORIZING SALE OF ASSETS
___

    Comes now, Looney Ricks Kiss Architects, Inc. ("LRK" or "Debtor") pursuant to § 363 of the United States Bankruptcy Code and moves this Court for authority to sell assets and for cause would show to the Court as follows:

    1.    On February 23, 2010, (the "Petition Date"), the Debtor filed a voluntary petition in the United States Bankruptcy Court for the Western District of Tennessee for relief under Chapter 11 of the Bankruptcy Code. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its business and manage its properties as Debtor-in-possession. No trustee or examiner has been appointed in the above-captioned case (the "Chapter 11 Case"), nor has any official creditors' committee been formed in the Chapter 11 Case.

    2.    LRK is a multi-discipline, award winning architectural firm providing design services for a vast array of clients and building types across the United States.

    3.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are §§ 105(a), and 363 of the U. S. Bankruptcy Code.

4. Debtor has received an offer for certain assets from LRK Inc. as set forth in the attached Asset Purchase Agreement. Pursuant to the offer, contracts still in the design phase will be sold to LRK Inc. while the Accounts Receivable and contracts in the construction phase will be retained by the Debtor. Debtor believes that the retained assets, including a lawsuit in which the Debtor expects a substantial recovery, have sufficient value to satisfy the outstanding obligations of the Debtor.

5. LRK Inc. is currently owned 100% by H. Frank Ricks, Jr., a principal shareholder of the Debtor. If the sale of assets is approved, it is anticipated that J. Carson Looney, Rob Norcross, Jim Constantine, Mike Sullivan, Paige Close, Rebecca Courtney, Elaine Covin, Mark Jones, Victor Buchholz and Tony Pellicciotti, all current shareholders or employees of Debtor, will become shareholders in LRK Inc.

6. There are outstanding liens against all of the assets being sold in favor of Iberia Bank totaling in excess of the purchase price; the proceeds of sale will be paid to the lienholder.

7. Debtor intends to liquidate, rather than reorganize, and therefore believes that the assets are not necessary for an effective reorganization.

8. Debtor believes that the offer received is the highest and best offer available. Debtor is engaged in providing professional services. The motive of the clients is highly personal. Debtor does not believe that the assets being sold have any substantial value and that the sale of assets will produce substantial benefits by eliminating or decreasing the likelihood that clients and other parties with executory contracts with the Debtor will claim damages from the rejection of contracts by the Debtor.

9. After the sale, LRK Inc. will provide continued employment for approximately 40-45 people.

### A. The Transaction Meets the Requirements of 11 U.S.C. § 363

10. Under Section 363(b) of the Bankruptcy Code, the debtor-in-possession "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Courts interpreting section 363(b) have held that transactions should be approved when they are supported by the debtor's sound business judgment. *Stephens Indus., Inc. v. Mc Clung*, 789 F.2d 386, 390 (6th Cir.1986); *In re Continental Airlines, Inc.*, 780 F.2d 1223 (5th Cir.1986); *In re Lionel Corp.,* 722 F2d 1063, 1071 (2nd Cir.1983).

The business judgment test generally requires the debtor to establish the following elements:

1)   that a sound business purpose justifies the sale outside the ordinary course of business;
2)   that adequate and reasonable notice has been provided to interested parties;
3)   that the debtor has obtained a fair and reasonable price; and
4)   good faith.

*See In re Titusville Country Club,* 128 B.R. 396, 399 (Bankr.W.D.Pa.1991).

11. Clear business reasons exist to justify the sale of the assets.

12. The sale proposed herein is in good faith.

### B. Request For Approval of Sale Free and Clear of Liens, Claims, Tax Claims, Interests and Encumbrances

13. The Debtor requests that the Court authorize the sale of the assets free and clear of all liens, claims, tax claims, interests and encumbrances attaching to the proceeds of the sale.

WHEREFORE, the Debtors respectfully request that the Court approve the sale of the assets as set forth above.

Respectfully submitted,

HARRIS SHELTON HANOVER WALSH, PLLC

BY:     /s/ John L. Ryder
    John L. Ryder   (Tenn. Disc. No. 08258)
    Steven N. Douglass (Tenn. Disc. No. 09770)
    2700 One Commerce Square
    Memphis, Tennessee 38103-2555
    (901) 525-1455
    (901) 526-4084 – fax
    jryder@harrisshelton.com

Counsel to the Debtor and Debtor-in-Possession

## CERTIFICATE OF SERVICE

I certify that on March 9, 2010 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

    /s/ John L. Ryder
    John L. Ryder