**Dated: March 22, 2010**
**The following is ORDERED:**

_____
**Jennie D. Latta**
**UNITED STATES BANKRUPTCY JUDGE**

_____

## UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

In re:

LOONEY-RICKS-KISS ARCHITECTS, INC.,          Case No. 10-22034-jdl
      Debtor.                              Chapter 11

### FINAL ORDER AUTHORIZING DEBTOR TO USE CASH
### COLLATERAL AND GRANTING ADEQUATE PROTECTION LIENS

**THIS PROCEEDING** came before the Court upon the Emergency Motion for Authority to

Use Cash Collateral (the "Motion") filed by Looney-Ricks-Kiss Architects, Inc. the debtor and

debtor-in-possession (collectively, the "Debtor") and approval of the Interim Order Authorizing Use

of Cash Collateral and Granting Adequate Protection Liens as a Final Order.  The Debtor filed its

petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on

February 23, 2010 (the "Petition Date").  Pursuant to sections 1107 and 1108 of the Bankruptcy

Code, the Debtor has retained possession of its assets and has continued the operation and

management of its business in this reorganization case.

1.      On February 24, 2010, the Debtor filed an Emergency Motion for Use of Cash

Collateral (the "Motion").  The Court entered an Interim Order Authorizing Use of Cash Collateral

and Granting Adequate Protection Liens on March 8, 2010 (the "Interim Order").  The Debtors

provided actual notice of the terms of the Motion and the relief requested to all entities claiming an

interest in the collateral and cash collateral affected by the Motion, to the twenty (20) largest

unsecured creditors, the United States Trustee, and the United States Attorney.  The Interim Order

was served by the Clerk on all creditors and interested parties (BNC Notice (Doc. No. 75)).

Consequently, the Court concludes that (a) adequate notice of the Motion and the hearing on the

Final Order and the opportunity for a hearing have been given in accordance with the provisions of

11 U.S.C. §§ 102, 105, 361, 362, and 363 and the Federal Rules of Bankruptcy Procedure, and (b)

with respect to the interim authorization and final authorization given hereunder pursuant to Federal

Rule of Bankruptcy Procedure 4001(b), and no further notice relating to this proceeding is necessary

or required.  The Interim Order fixed a final hearing and set a bar date for the filing of objections to

the Interim Order of March17, 2010.  Either (i) no objections have been filed to the Interim Order,

or, (ii) any filed objections to the Interim Order have been considered and overruled.

2.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334.  This is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G), (M), and (O), involving matters under 11

U.S.C. §§ 361, 362 and 363.  Venue is proper in this district pursuant to 28 U.S.C. § 1408.

3.      Subject to the terms of Ordering Paragraph s. below, the Debtor acknowledges,

reaffirms, and stipulates to the debts owed by the Debtor to IBERIABANK, fsb, as successor to

Pulaski Bank ("Iberia"), and to the validity, perfection, priority, and extent of the liens in favor of

Iberia on the Collateral (as defined below), all as summarized as follows:

a.        On or about July 30, 2008, prior to the Petition Date, the Debtor, as borrower and

Iberia as lender executed the following documents (i) a Business Loan Agreement in the original

principal amount of $2,000,000.00 (Loan No. XXXXXX4424); (ii)  a demand Promissory Note in

the original principal amount of $2,000,000.00 (Loan No. XXXXXX4424); (iii) a Corporate

Resolution to Borrow/Grant Collateral (Loan No. XXXXXX4424); (iv) Business Loan Agreement in

the original principal amount of $2,000,000.00 (Loan No. XXXXXX4416); (v) a demand Promissory

Note in the original principal amount of $2,000,000.00 (Loan No. XXXXXX4416); (vi) a Corporate

Resolution to Borrow/Grant Collateral (Loan No. XXXXXX4416); and (vii) a Commercial Security

Agreement (Loan Nos. XXXXXX4424, XXXXXX4416 and XXXXXX4262) (collectively, the "Pre-

petition Obligations").

b.        The Pre-petition Obligations are secured by liens against substantially all of the assets

of the Debtor, including, specifically, all inventory, chattel paper, accounts, equipment, general

intangibles, furniture and fixtures, and the proceeds thereof.   True and correct copies of the

Prepetition Obligations and related documents were available in the Court for review.

c.        The Debtor is liable to Iberia without defense, counterclaim, recoupment or offset of

any kind in the aggregate principal amount of approximately $ 2.02 million, as of the Petition Date,

plus interest, costs, expenses and other charges thereon in respect of the loans, advances and other

financial accommodations made by Iberia in accordance with Pre-Petition Obligations (collectively,

the "Prepetition Indebtedness").

d.        As security and collateral for the repayment of the Prepetition Indebtedness, Debtor

granted to Iberia security interests and liens in and upon the "Collateral" described in the Prepetition

Obligations which generally includes, without limitation, all or substantially all of the Debtor's

assets including all accounts receivable and inventory (the "Cash Collateral").

4.    An immediate need exists for the Debtor to obtain emergency use of Cash Collateral

to meet payroll, retain professionals, purchase operating supplies, and otherwise meet immediate

postpetition financial demands.  A schedule of the Debtor's imminent cash requirements is set forth

in the Budget attached hereto as Exhibit "A".

5.    The Court finds that, in order to continue the operation of the Debtor's business and

to preserve the value of its assets, the Debtor requires the use of the Prepetition Collateral and the

cash proceeds thereof.

6.    Good cause has been shown for the entry of the Interim Order and entry of a Final

Order authorizing the Use of Cash Collateral and Granting Adequate Protection Liens.  Among other

things, entry of this Order will minimize the disruption of the Debtor's existing business, will

increase the possibility for a successful reorganization or orderly liquidation of the Debtor and is in

the best interests of the Debtor, its creditors, and other parties in interest.

Based upon the foregoing findings of fact and conclusions of law, which are fully

incorporated by reference into the Interim Order set forth below,

**IT IS HEREBY ORDERED THAT**:

a.    Preamble and Findings Incorporated by Reference.  The paragraphs contained in the

preamble to this Interim Order and the findings of fact and conclusions of law set forth above are

incorporated herein by this reference.

b.    Authorization to Use Cash Collateral.  The Debtor is authorized to use cash collateral

as set forth in the Budget attached hereto as Exhibit "A" and shall only use such cash to pay the

expenses shown on Exhibit "A" attached hereto.  The authorization granted to the Debtor under this

Interim Order shall terminate upon the earlier of (i) entry of an order approving the sale of the

debtor's assets under § 363 of the Bankruptcy Code; (ii) April 15, 2010; (iii) entry by the Court of an

4

order terminating the Debtor's authorization to use cash collateral; or (iv) the occurrence of a

Termination Event (as defined below).  Notwithstanding any such termination, the rights and

obligations of the Debtor and the rights, claims, security interests, liens, and priorities of Iberia with

respect to all transactions which occurred prior to the occurrence of such termination, including

without limitation all liens and priority afforded under this Final Order, shall remain unimpaired and

unaffected by any such termination, shall survive any such termination, and shall be binding upon

any and all successors-in-interest to the Debtor, including any chapter 11 or chapter 7 trustee.

      c.      <u>Deposit of Cash into Cash Collateral Account</u>.  The Debtor shall deposit all cash and

cash equivalents into an account at Iberia provided that Iberia submits the documentation necessary

to obtain approval as an approved depository institution by the United States Trustee within ten (10)

business days of the entry of this order (the "Cash Collateral Account") which may be the same

account that the Debtor employed prepetition.  In the event that Iberia fails to submit the

documentation necessary to obtain approval as an approved depository institution by the United

States Trustee within said ten (10) day period the Debtor shall transfer the funds to a depository

institution which is approved by the United States Trustee.  The Debtor is strictly prohibited from

making any disbursements from the Cash Collateral Account except as provided for herein, as

hereafter authorized in writing by Iberia, or as provided for in any order of this Court entered after

notice to Iberia and an opportunity for hearing.

      d.      <u>Limited Super-Priority of Cash Collateral Usage</u>.  As adequate protection for any

post-petition diminution in value of Iberia's interest in the Pre-petition Collateral including, without

limitation, that caused by the Debtor's use of the Pre-petition Collateral and/or Iberia's cash

collateral, as such term is defined in 11 U.S.C. § 363(a), Iberia is granted a post-petition claim (the

"Adequate Protection Amount") against the Debtor's estate to the extent of (a) any post-petition

5

diminution in value of Iberia's interest in the Pre-petition Collateral; and (b) the Debtor's use of the

Pre-petition Collateral which amount is entitled to superpriority in accordance with the provisions of

the Bankruptcy Code Section 507(b) with priority in payment over any other obligations now in

existence or incurred hereafter by the Debtor and over all administrative expenses or charge against

property of the kind specified in 11 U.S.C. §§ 503(b), 506(c), 507(a) and 507(b) whether arising in

the Debtor's chapter 11 case or in any superseding chapter 7 case.  Notwithstanding any provision

herein to the contrary, there shall be a "carve out" from any liens granted herein, to provide assurance

of the payment of fees accruing under 28 U.S.C. § 1930(a)(6) and the payment of such quarterly fees

shall be deemed an ordinary use of cash collateral.

      e.      Security Interest in All Assets.  The Adequate Protection Amount shall be secured by,

and the Court hereby grants to Iberia, replacement liens and a valid and perfected lien on and security

interest in, any and all of the Debtor's rights, titles, and interests in and to all of their goods, property,

and interests in property (including, without limitation, all property as described in section 541 of the

Bankruptcy Code) and all assets of the Debtor wherever located and whether acquired or obtained

before or after the Petition Date, including, without limitation, (i) the Collateral, (ii) any goods,

property, and interests existing on the Petition Date, (iii) any and all property or assets acquired or

arising after the Petition Date, and (iv) all profits, interest, proceeds, products, issues, rents, and

profits thereof, and accessions, accessories, and improvements of or to the property or assets

described above, and replacements therefor, but excluding, interests in and recoveries realized from

all actions brought by any of the Debtors or their predecessors or successors in interest pursuant to

sections 542, 543, 544, 545, 547, 548, 549, and 550 of the Bankruptcy Code (the "Postpetition

Collateral").  Iberia's liens and security interests in the Postpetition Collateral shall be subject only to

any valid, enforceable, properly perfected, and non-avoidable security interests or liens that are

6

superior to Iberia's security interests in or liens on the Prepetition Collateral as of the Petition Date.

Iberia's security interests in the Postpetition Collateral shall at all times be senior to the rights of the

Debtor or any of its successors in interest, including without limitation any chapter 11 trustee

appointed in the reorganization case and any trustee for the Debtor in a case under chapter 7 of the

Bankruptcy Code into which the reorganization case may be converted.  The liens and security

interests granted to Iberia shall not attach to any lien or security interest that is avoided and preserved

for the benefit of the Debtors pursuant to section 551 of the Bankruptcy Code.

f.        No Cross Collateralization; Postpetition Accounts Receivable and Inventory Not to
Secure Prepetition Indebtedness.  Except to the extent that the Postpetition Collateral consists of the

Prepetition Collateral, the Postpetition Collateral shall not secure the Prepetition Indebtedness;

provided; however, and based on the equities of the case as provided in section 552 of the

Bankruptcy Code, the Court hereby orders that the Prepetition Collateral includes all proceeds,

product, offspring, rents, or profits of the Prepetition Collateral.

g.        Financial and Business Reports:  The Debtor shall deliver to Iberia a copy of the

monthly operating reports which they are required to file with the Court.

h.        Books and Records: In addition to the inspection of records required by Prepetition

Obligations, the Debtor shall allow Iberia to review and copy, upon prior written request, (i) all

vouchers, invoices, contracts, and other writings relating to any and all disbursements made or

obligations incurred by the Debtor with respect to the maintenance and operation of its businesses

and (ii) any and all other books and records of the Debtor pertaining to the Debtor's use of cash

collateral.

i.        No Filing or Recording Necessary.  All agreements, security interests, mortgages,

deeds of trust, and liens contemplated or granted by this Interim Order are effective and perfected as

of the commencement of the reorganization case without further filing or recording by Iberia in compliance with any state or federal law. Iberia will not be required to file financing statements or other documents in any jurisdiction or take any other actions in order to perfect its security interests and liens granted under or pursuant to this Interim Order.

j.      Binding Effect of Orders. Unless otherwise provided herein, the terms and conditions of this Final Order relating to the liens and priorities granted to Iberia herein shall be binding upon the Debtor, its creditors, all other parties in interest, and all successors in interest thereof including, without limitation, any chapter 11 trustee that may be appointed in the reorganization case or any trustee in a case under chapter 7 of the Bankruptcy Code into which the reorganization case may be converted. This binding effect is an integral part of the agreement included in this Final Order.

k.      Modification of Automatic Stay. The automatic stay presently in effect in the reorganization case pursuant to section 362 of the Bankruptcy Code is hereby modified by the terms and conditions of, and to the extent necessary to effect, the provisions of this Final Order.

l.      Additional Relief. Iberia may, notwithstanding the provisions of this Order, at any time file a motion with this Court seeking any such additional protection as it may reasonably require with respect to continued use of cash collateral by the Debtor or otherwise, including, without limitation, modification or termination of this Order authorizing the Debtor's continued use of cash collateral. Nothing herein shall prevent the Debtor or other parties in interest from opposing such a motion. Nothing contained herein shall or shall be deemed to constitute an admission by Iberia that its interest in the Prepetition Collateral or the Postpetition Collateral is adequately protected within the meaning of section 361 of the Bankruptcy Code now or at some future time. Iberia shall retain all rights available pursuant to the Bankruptcy Code or any other applicable law, including its right to seek adequate protection.

m.      No Waiver of Rights Under Prepetition Obligations. Except as otherwise specifically

provided herein and under the Bankruptcy Code, Iberia does not waive any of its rights under the

Prepetition Obligations or under the Bankruptcy Code.

n.      Effect of Future Modification of Order.   No subsequent stay, modification,

termination, failure to extend the term of, or vacation of this Order shall affect, limit, or modify any

claim for the Adequate Protection Amount or any superpriority claim granted hereunder owed by the

Debtor to Iberia incurred pursuant to this Order or otherwise, nor shall any such stay, modification,

or vacation limit, affect or modify the validity, enforceability, or perfection of any security interest,

mortgage, lien, or priority granted or reaffirmed in connection therewith.

o.      Effective As Of Petition Date.  This Order shall be effective as of the Petition Date.

p.      No Requirement to Lend.  Nothing contained in this Order shall require or be deemed

to require Iberia to make an additional loan or to extend further debt financing or other financial

accommodations to or for the benefit of the Debtor.

q.      Effect of Dismissal.  In the event that the reorganization case is dismissed, converted,

otherwise superseded, or substantively consolidated, neither the entry of this Order nor the dismissal

or conversion of the reorganization case shall affect the rights of Iberia under the Prepetition

Obligations or the terms and conditions of this Order, including the security interests, liens, and

superpriority granted herein, and all the rights and remedies of Iberia thereunder shall be and remain

in full force and effect as if the reorganization case had not been filed or the reorganization case had

not been dismissed, converted, or superseded.

r.      No Effect On Other Rights.  This Order shall not operate to modify, alter, impair,

affect, abrogate, amend, restrict, or nullify any rights of Iberia with respect to any person or entity

other than the Debtor, nor to release, alter, impair, affect, or abrogate any debts, claims, demand,

9

actions, and causes of action in law and equity, whether known or unknown, that Iberia may have as

to any person or entity other than the Debtor.

       s.      <u>Limited Period for Objection to Liens and Claims</u>.  All parties in interest, excluding

the Debtor as to the matters listed in clause (a) below (the Debtor having acknowledge such items

above), and including the Debtor as to the matters set forth in subparagraph (b) below, shall have

until thirty (30) days from the date the Interim Order is entered (the "Review Period") to review the

Prepetition Obligations.  If, during the Review Period or any extension thereof, such parties do not

file an objection or other pleading with the Court contesting or asserting, as applicable, (a) the

validity, perfection, priority, and enforceability of the liens, security interests, and claims of Iberia

and the Lenders in and to the Prepetition Collateral or (b) any claim or cause of action against Iberia,

or its agents, and/or the Lenders, or their agents, whether having arisen under applicable state or

federal law, or the Bankruptcy Code, whether having arisen in connection with the Prepetition

Indebtedness, the Prepetition Obligations, or otherwise, all such parties shall thereafter be forever

barred from asserting or contesting any of the matters set forth in (a) and (b) above.  In the event that

an Official Committee of Unsecured Creditors is formed prior to the expiration of the Review

Period, the Review Period shall be extended, for the benefit of the Committee only, to the date that is

thirty (30) days after the appointment of such a Committee.

       t.      <u>Waiver of Surcharge and Similar Rights</u>.  The Debtor waives irrevocably all rights, if

any, it might otherwise assert against the Collateral pursuant to 11 U.S.C. §§ 506(c) or 552(b).

       u.      <u>Insurance</u>.  The Debtor, at its expense, shall continue to keep the Collateral (a) fully

insured against all loss, peril and hazard and make Iberia a loss payee as its interests appear under

such policies, and (b) shall pay any and all post-petition taxes, assessments and governmental

10

charges with respect to such Collateral, and will provide Iberia with proof thereof within three (3)

business days of written demand and will give Iberia access to its records in this regard.

v.      Termination.  Each of the following shall constitute a "Termination Event" under this

Order:

(i)      the Debtor's Chapter 11 case is either dismissed or converted to a Chapter 7

case;

(ii)      a trustee or an examiner with expanded powers is appointed in the Debtor's

Chapter 11 case;

(iii)      unless consented to by Iberia, any plan of reorganization of the Debtor is

confirmed which does not provide for the payment in full of the obligations upon the

effective date of the plan;

(iv)      other than as contemplated in the Budget, the Debtor ceases operations of its

present business or takes any material action for the purpose of effecting the foregoing

without the prior written consent of Iberia;

(v)      the Debtor expends any funds or monies for any purpose other than those set

forth by category in the Budget or, if within the Budget categories, nevertheless, causes the

actual expenditures for any month to exceed the Budget by more than 15% in the aggregate

excluding line items related to payment of prepetition consultant fees;

(vi)      Intentionally omitted;

(vii)      this Order is reversed, vacated, stayed, amended, supplemented or otherwise

modified in a manner which shall, in the sole opinion of Iberia, materially and adversely

affect the rights of Iberia hereunder or shall materially and adversely affect the priority of any

or all of Iberia's claims, liens or security interests;

11

(viii)   the occurrence of an Event of Default by the Debtor under the Pre-Petition Obligations, other than any Event of Default occurring and/or existing solely because of (a) the commencement of the Debtor's Chapter 11 case on the Petition Date, and/or (b) the breach of any financial covenant set forth therein;

(ix)   the occurrence of a material adverse change in (1) the condition (financial or otherwise), operations, assets, business or business prospects of the Debtor, (2) the value of the Collateral or (3) the practical realization of the benefits of Iberia's rights and remedies under the Prepetition Obligations or this Order, as determined by Iberia in its sole and absolute discretion;

(x)   non-compliance or default by the Debtor with any of the terms and provisions of this Order; provided, however, that said non-compliance or default shall not be deemed a Termination Event if curable and cured by the Debtor within five (5) business days after notice of such non-compliance or default is given to the Debtor by Iberia; and

(xi)   expiration of the authorization as set forth in Paragraph cc. below.

w.   Remedies upon Termination.   Upon the occurrence of the Expiration Date, as such term is hereafter defined, or upon the occurrence of a Termination Event and the giving of written notice thereof (the "Termination Notice") by Iberia to the Debtor's and the Committee's (if any) respective counsel and to the Office of the United States Trustee (the "Noticed Parties"):

(i)   the Debtor shall immediately segregate all of the Collateral, including without limitation Cash Collateral, and shall not be permitted to use such Collateral absent Iberia's prior written consent or Court approval; and

(iii)   Iberia shall have the right, free of the restrictions of 11 U.S.C. § 362 or under any other section of the Bankruptcy Code or applicable law or rule, (a) to take immediate

12

reasonable action to protect the Collateral, and (b) on and after the fifth (5th) business day following the date of the Termination Notice, to exercise its rights and remedies pursuant to the Prepetition Obligations, this Order and/or applicable law as to all or such part of the Collateral as Iberia, in its sole discretion, shall elect, unless within such period the Debtor or the Committee obtains injunctive relief from this Court on prior written notice to Iberia restraining Agent from so exercising such rights and remedies.

x.     Interest.  Iberia is authorized to accrue interest on the outstanding balance of the Prepetition Indebtedness of the Debtor as of the Petition Date pursuant to the Pre-Petition Obligations to the extent permitted by the Bankruptcy Code.  The Debtor shall make monthly adequate protection payments to Iberia in an amount equal to the interest at the non-default contract rate on the Prepetition Obligations of the Debtor as of the Petition Date.

y.     Application of Proceeds. Iberia is authorized, notwithstanding the provisions of 11 U.S.C. § 362, (a) to retain and apply the Proceeds of the Pre-Petition Collateral to the repayment of the Pre-Petition Indebtedness, first to fees, costs and expenses authorized by the Pre-Petition Obligations to the extent authorized by the Bankruptcy Code, then to interest and then to principal. Such applications of the proceeds shall be free and clear of any claim, charge, assessment or other liability including, without limitation, any such claim or charge arising out of or based on, directly or indirectly, 11 U.S.C. §§ 506(c) or 552(b).

z.     Further Assurances.  The Debtor is hereby authorized and directed to do and perform all acts and to make, execute and deliver all instruments and documents which may be required or necessary for the performance of the terms of this Order including, without limitation, the delivery to Iberia of the original checks or other forms of remittance received by the Debtor which are the proceeds of the Collateral.

aa.     Notice. Any notice which may be required to be given by Iberia to any of the Debtors

shall be sufficient if notice is given by facsimile transmission, hand delivery, or regular, certified or

registered United States mail to:

If to Iberia:
    James E. Bailey III, Esq.
    Gregg C. Gumbert, Esq.
    **BUTLER SNOW O'MARA STEVENS & CANNADA, PLLC**
    6075 Poplar Avenue
    Fifth Floor
    Memphis, TN 38119
    (901) 680-7347
    (901) 680-7201 fax
    jeb.bailey@butlersnow.com
    gregg.gumbert@butlersnow.com

If to the Debtors:

    John R. Ryder, Esq.
    **HARRIS SHELTON HANOVER WALSH, PLLC**
    One Commerce Square
    Suite 2700
    Memphis, TN 38103
    (901) 525-1455
    (901) 526-4084 fax
    jryder@harrisshelton.com

bb.     Effect of Order. In light of the findings set forth above, in the event of any appeal of

this Order, any cash collateral used shall be pursuant to section 363(m) of the Bankruptcy Code, and

Iberia shall be granted all rights and remedies thereunder, unless the party to such appeal shall have

obtained a stay of this Order pursuant to the Bankruptcy Code and the applicable Bankruptcy Rules.

Notwithstanding Bankruptcy Rule 7062, the terms and conditions of this Order shall be: (i)

immediately enforceable pursuant to Bankruptcy Rule 8005; and (ii) not be stayed absent (a) an

application by a party in interest for such stay in conformance with such Bankruptcy Rule 8005, and

(b) a hearing upon notice to the Debtor and Iberia.

14

cc.    Expiration of Authority to Use Cash Collateral.    Absent a default hereunder, notwithstanding any prior provisions of this order, the Iberia shall consent to the use of Cash Collateral to pay the expenses through the earlier of entry of an order authorizing the sale of the Debtor's assets or April 15, 2010  (the "Expiration Date") pursuant to the Budget unless otherwise extended by Iberia, in its sole discretion, pursuant to a stipulation to be ordered by this Court.

dd.    Prohibition against use of Cash Collateral to pay prepetition indebtedness of third parties.  The Debtor shall not be permitted to use any of Iberia's collateral or cash collateral for payment on any prepetition obligation to any prepetition creditor absent express written authorization from Iberia.

**APPROVED:**

**BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC**

/s/ James E. Bailey III
   James E. Bailey III (015979)
6075 Poplar Avenue
Suite 500
Memphis, TN 38119
(901) 680-7200
(901) 680-7201 facsimile
jeb.bailey@butlersnow.com
**Attorneys for Iberia Bank, as successor to Pulaski Bank**

**HARRIS SHELTON HANOVER WALSH, PLLC**

/s/ John R. Ryder
   John R. Ryder
   Steven N. Douglass
One Commerce Square
Suite 2700
Memphis, TN 38103
(901) 525-1455
(901) 526-4084 fax
jryder@harrisshelton.com
**Attorneys for the Debtor**

## **REQUEST FOR SERVICE**

The undersigned hereby certifies that this Order was submitted for entry on March 18, 2010 and requests that the Clerk serve a copy of the order on the parties listed below via first class U.S. mail, postage prepaid, upon its entry.

Debtor
Debtor's Attorney
United States Trustee
James E. Bailey III
All creditors and interested parties


/s/ James E. Bailey III

**EXHIBIT A**

**"Budget"**

**Looney Ricks Kiss Architects, Inc.**
**Post-Petition Cash Collateral Order Budget**
**Date of Report: 3/15/10**

|                                              | April      | May        |
|----------------------------------------------|-----------|-----------|
| Payment of Pre-Petition Consultant Fees      | (300,000) | (15,000)  |
| Payment of Post-Petition Consultant Fees     | (20,284)  | (49,262)  |
| Total Consultant Payments                    | (320,284) | (64,262)  |
|                                              |           |           |
| Expenses:                                    |           |           |
| Net Payroll plus Payroll Taxes               | (250,000) | (250,000) |
| Independent Contractor Labor                 | (33,000)  | (22,000)  |
| Employee Benefits                            | (41,860)  | (41,860)  |
| Rent Expense (Realty) and Utilities          | (34,126)  | (34,126)  |
| Phones/Internet/Maintenance & IT Costs       | (18,465)  | (18,465)  |
| Insurance (all except Medical)               | (44,372)  | (47,222)  |
| Travel/Printing/Legal/Professional/Other     | (45,532)  | (51,000)  |
| Rental Income                                | 2,792     | 2,792     |
| Interest Expense                             | (35,973)  | (11,034)  |
| Attorneys Fees                               | (20,000)  | -         |
| U.S. Trustee Fees                            | -         | (6,500)   |
| Total Expenses Excl. Consultants             | (520,536) | (479,415) |
|                                              |           |           |
| Total Payments                               | (840,820) | (543,677) |