**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

In re:

LOONEY RICKS KISS ARCHITECTS, INC.   Case No. 10-22034-jdl
      Debtor.   Chapter 11

**LIMITED OBJECTION OF IBERIABANK, FSB**
**TO MOTION FOR ORDER AUTHORIZING SALE OF ASSETS**

**COMES NOW,** IBERIABANK, fsb, as successor to Pulaski Bank, ("Iberia") and submits this limited objection to the Debtor's Motion for Order Authorizing Sale of Assets (Doc. No. 68) (the "Motion"). In support of said limited objection, Iberia would show to the Court as follows:

1. On February 23, 2010, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its business and manage its properties as Debtor-in-possession. No trustee or examiner has been appointed in the above-captioned case (the "Chapter 11 Case"), nor has any official creditors' committee been formed in the Chapter 11 Case.

2. This Court has previously entered Interim and Final Order Authorizing Use of Cash Collateral and Granting Adequate Protection Liens (Doc. Nos. 61 and 95 respectively). The Final Order (Doc. No. 95), among other things, confirms the priority and perfection of Iberia's liens on all the Debtor's assets including, without limitation, those the Debtor seeks authority to sell in the Motion. Included among the items listed as collateral in Commercial Security Agreement and the UCC-1 Financing Statement filed by Iberia are "accounts, general intangibles, instruments, rents, monies, payments … all records and data relating to any of the

property described in this Collateral Section, whether in the form of a writing, photograph, microfilm, microfiche, or electronic media, together with all of Grantor's right, title and interest in and to all computer software required to utilize, create, maintain and process any such records or data on electronic media."

3. Iberia does not object generally to the relief requested in the Motion, however, there are several provisions in the Asset Purchase Agreement attached as Exhibit 1 to the Motion (the "APA") to which Iberia objects. These provisions and the objections thereto are as follows:

   a. The "Purchased Assets" defined in the APA include:

      i. All deposits and advances, prepaid expenses and other prepaid items of Seller (APA § 1.2 "Purchased Assets" ¶ (i)).

Iberia questions whether the Debtor is proposing to pay dollar-for-dollar value for the deposits, advances and prepaid expenses which it is acquiring under the APA and whether the deposits include deposit accounts containing Iberia's collateral.

      ii. All of Seller's operating data and records, including books, records, databases, ledgers, files, documents, instruments, papers, correspondence, memoranda, forms, architectural plans, drawings, specifications, sales and promotional data, customer lists, cost and pricing information, supplier lists, business plans, creative materials, research and development materials, computer files and programs, retrieval programs, and electronic data processing software related to the foregoing items or the Business …." (APA § 1.2 "Purchased Assets" ¶ (vi)).

In addition to being subject to Iberia's pre- and postpetition liens, the records being sold under the APA may include records which will be necessary for the efficient and effective collection of pre- and postpetition accounts receivable which also are Iberia's collateral. Iberia objects to this provision of the APA, as drafted, because the transfer of such property will likely impede Iberia's ability to realize upon the value of its collateral and, as a practical matter, may

2

diminish the amount of the accounts receivable collected which could impact unsecured creditors' recovery in the case once Iberia's secured claim is satisfied.

      b. The APA at § 9.1 ("Post-Closing Access to Records") provides as follows:

           i. Each party agrees to provide the other with access to all relevant documents and other information which may be needed by such other party for purposes of preparing tax returns or responding to an audit by any Governmental Authority or for any other reasonable purpose. Such access will be during normal business hours and subject to reasonable time limitations and at the expense of the requesting party. (APA § 9.1).

Iberia objects to the scope and expense provisions of this Section. While it is clear that the Debtor (which will be retaining the accounts receivable) will be permitted access to the information, the Debtor or the Debtor's estate should not bear the expense of normal reasonable requests for information necessary for it to perform its fiduciary obligations and it should be made clear that access will be permitted for collection of accounts receivable.

      c. The APA sets forth at § 1.2 "Retained Assets" that

           i. "all Seller's rights, claims or causes of action arising under or maintainable under Sections 506(c), 510, 542, 544, 545, 547, 548, 549, 550, 551, 552(b) or 553 of the Bankruptcy Code" will be retained." (APA § 1.2 "Retained Assets", ¶ (vi)).

Iberia objects to the Debtor retaining any of the claims set forth this Section as they may relate to Iberia, the same having been expressly waived in the Final Order Authorizing Use of Cash Collateral and Granting Adequate Protection Liens (Doc. No. 95, ¶¶ s. and t.).

    4. Iberia reserves the right to raise additional objections at the hearing on the motion.

**WHEREFORE,** Iberia respectfully requests that the Court condition the approval of the sale upon the Debtor and Purchase modifying the APA to address the issues raised herein, and prays for such other, further and general relief to which it may be entitled.

**Respectfully submitted,**

**BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC**

/s/ James E. Bailey III
   James E. Bailey III (015979)
6075 Poplar Avenue
Suite 500
Memphis, TN 38119
(901) 680-7200
(901) 680-7201 facsimile
jeb.bailey@butlersnow.com

**Attorneys for IBERIABANK, fsb**

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served on the United States Trustee, Counsel for the Debtor, and all parties receiving electronic notice in this case this 24th day of March, 2010 via first class U.S. mail, postage prepaid or electronically via the Court's CM/ECF system.

/s/ James E. Bailey III

Memphis 1623333v1