UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 10-22034 |
| LOONEY RICKS KISS ARCHITECTS, INC. ) | |
| ) | |
| Debtor. ) | |
| ) | |

### KRG EDDY LAND, LLC AND KITE REALTY EDDY LAND, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

KRG EDDY LAND, LLC and KITE REALTY EDDY LAND, LLC ("Kite"), by counsel, requests that the Court enter an order granting it relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) so as to permit it to exercise its rights under applicable non-bankruptcy law and certain insurance policies against the Debtor with respect to claims against the Debtor hereinafter described. In support of its Motion, Kite states:

### BASIC ALLEGATIONS

### Background and Jurisdiction

1. On February 23, 2010 (the "Petition Date"), Looney Ricks Kiss Architects, Inc. (the "Debtors") filed a voluntary Chapter 11 petition under Title 11 of the United States Code (the "Bankruptcy Code").

2. The Bankruptcy Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and an Order of Reference from the United States District Court for the Western District of Tennessee.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. Venue for this Motion is proper in this District pursuant to 28 U.S.C. § 1408 and 1409.

5. The statutory predicates for the relief sought herein is § 362 of the Bankruptcy Code.

6. A committee of unsecured creditors has not yet been appointed in this case and the Debtor remains in possession of its property and continues to operate its business.

### Claims Against the Debtor

7. Kite entered into an Agreement for Architectural Services dated May 14, 2007 with the Debtor (the "Architectural Services Contract"), pursuant to which the Debtor agreed to perform and provide certain architectural and contract administration services, including the provision of structural engineering drawings and specifications, for a mixed-use development project located in South Bend, Indiana (the "Project"). A dispute has arisen between Kite and the Debtor as a result of the Debtor and its subcontractor's erroneous and deficient work performed on the Project (the "Dispute"). A mediation conference with mediator William A. Baten was scheduled to occur in Indianapolis, Indiana on March 10, 2010 with the Debtor the Debtor's insurance carrier and Kite (the "Mediation").

8. The Mediation conference was cancelled due to the filing of the Bankruptcy Case. The parties to the lawsuit now wish to reschedule the Mediation in order to determine if they can reach a settlement in the matter.

9. Upon information and belief, the Debtor maintained insurance with Travelers during the period of time relevant to the Dispute (the "Insurance"). The Insurance provides coverage to the Debtor for claims asserted against the Debtor in the Dispute.

### Relief Requested

10. Kite seeks to terminate the stay imposed pursuant to § 362 of the Bankruptcy Code as it relates to Kite and the Insurance in accordance with § 362(d)(1) and (2) of the

Bankruptcy Code so that Kite may pursue its claims against the Debtor, including participating in the Mediation, and pursue recovery on those claims to the extent of available Insurance.

11. Section 362(d) of the Bankruptcy Code provides, in relevant part, that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay -- (1) for cause . . . ; [or] (2) with respect to a stay of an act against property under subsection (a) of this section, if -- (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization . . . ."

12. "Cases considering modification of the automatic stay with respect to actions on insured claims recognize the equity of permitting a civil suit to proceed where the bankruptcy estate is in no way harmed." *In re Fernstrom Storage & Van Co.*, 100 B.R. 1017, 1023 (Bankr. N.D. Ill. 1989) (citing to *Jessie v. Honosky (In re Honosky),* 6 B.R. 667, 669 (Bankr. S.D. W. Va. 1980)).

13. Modification has been permitted where (1) no great prejudice to either the debtor or the bankruptcy estate would result, and (2) the hardship to the plaintiff caused by the continuance of the stay considerably outweighs the hardship caused to the debtor by modification of the stay. *Id.* (citing to *Teilhaber Mfg. Co. v.Unarco Indus., Inc.,* 54 B.R. 266, 268 (Bankr. N.D. Ill. 1985)). No prejudice to the Debtor will result because Kite is proceeding against the Debtor and seeking to recover on its claims against the Debtor only to the extent of available Insurance.

14. The fact that the Debtor may be required to participate in the defense is not determinative of prejudice, however, especially when the Debtor's Insurance is obligated to provide counsel. *Id.* (citing to *In re Bock Laundry Mach. Co.,* 37 Bankr. 564, 567 (Bankr. N.D.

Ohio 1984)).  Nor is the fact that the Debtor is only partially insured of controlling significance. *Id.* (citing to *Foust v. Munson S.S. Lines,* 299 U.S. 77, 87, 57 S. Ct. 90, 95, 81 L. Ed. 49 (1936)). Where it is undisputed that insurance coverage is substantial, an action to recover insurance proceeds may not cause great prejudice to the estate.  *Id.* at 1023-24.

15.     In the instant case, Kite will suffer irreparable injury by virtue of being restrained from pursuing its claims against the Debtor and liquidating its claims against the Debtor as part of the Dispute and any ensuing lawsuit against the Debtor and other defendants.  The passage of time increases the possibility of loss of valuable testimony and evidence and the opportunity to litigate is a significant right which cannot easily be set aside, despite the existence of a bankruptcy proceeding.  *In re Bock Laundry Mach. Co.*, 37 Bankr. at 566.  Further, Kite is proceeding against the Debtor and seeking to recover on its claims against the Debtor only to the extent of available Insurance.  Thus, the Debtor will not be prejudiced.

WHEREFORE, Kite respectfully requests that the Bankruptcy Court:

(a)     Terminate the Automatic Stay against Kite pursuant to § 362(d)(1) and (2) of the Bankruptcy Code so that Kite may pursue its claims against the Debtor in the Dispute, Mediation and any ensuing lawsuit in order to liquidate the value of its claims against the Debtor and so that Kite may pursue recovery on those claims to the extent of available Insurance, as if the Debtor's bankruptcy case had not been commenced; and

(b)     Grant to Kite such other and further relief as is just and proper in the premises.

Respectfully submitted this 14th day of April, 2010.

/s/ Wendy D. Brewer
Wendy D. Brewer *pro hac vice*
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone (317) 236-1313
Facsimile (317) 231-7433
E-mail: wendy.brewer@ btlaw.com

*Attorneys for KRG Eddy Land, LLC and Kite Realty Eddy Land, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Motion for Relief From the Automatic Stay* was filed electronically this 14th day of April, 2010. Notice of this filing will be sent to all parties registered to receive such notice by operation of the Court's electronic filing system. I hereby further certify that I caused a copy of the foregoing *Motion for Relief From the Automatic Stay* to be served via U.S. Mail, First Class, Postage Pre-Paid upon parties that are not registered to receive notice by operation of the Court's electronic filing system at their respective addresses listed on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ Wendy D. Brewer
Wendy D. Brewer (Indiana #22669-49)
*pro hac vice*

INDS01 WDB 1187799v3