IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: : | |
| : | Case No. 2:10-bk-22034 |
| **LOONEY RICKS KISS ARCHITECTS, INC.,** : | Chapter 11 |
| : | Judge Jennie D. Latta |
| **Debtor** : | |
| : | |

---

**OBJECTION TO KRG EDDY LAND, LLC AND KITE REALTY EDDY LAND, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY (Doc. 128)**

---

COMES NOW, Travelers Casualty and Surety Company of America, ("Travelers"), by and through its undersigned counsel, and submits this, its Objection to the KRG Eddy Land, LLC and Kite Realty Eddy Land, LLC's (together, "Movant") Motion for Relief from the Automatic Stay (Docket Entry No. 128) (the "Eddy Lift Stay Motion"). In support hereof, Travelers would show under this Court the following:

## BACKGROUND

1.\. Travelers issued ARCHITECTS AND ENGINEERS PROFESSIONAL LIABILITY POLICY No. QP03801515 (the "Policy"), and "errors and omissions" policy, on behalf of Looney Ricks Kiss Architects Inc. ("LRK" or "Debtor") for the policy periods of 08/01/2006 - 08/01/2007 and 08/01/2007 - 08/01/2008.

2.\. The Policy is a "claims made" policy, with a per-claim limit of liability and an aggregate limit of liability for all claims made in a given policy period.

3.\. Under Insuring Agreement B of the Policy, Travelers has the right and duty to defend any claim against the Debtor. However, the Debtor is also required, pursuant to Section VI.B.4 to:

1

> Fully cooperate with the Company or the Company's designee in the making of settlement, the conduct of suits or other proceedings and enforcing any right of contribution or indemnity against another who may be liable to the Insured. When requested, the Insured will attend hearings and trials and assist in securing evidence and obtaining the attendance of witnesses;

4. Travelers received a claim under the Policy for the 2007-2008 policy period from Movant. Resolution of the claim will be subject to the per-claim and aggregate limits of liability for the given policy period. Movant's claim exceeds the aggregate limit of liability applicable to the policy.

5. Movant's claim under the 2007-2008 policy period has not been fully resolved.

6. The Policy has a deductible. Pursuant to the Policy, reimbursement to Travelers of the full deductible amount is due from Debtor before Travelers has any further obligation under the Policy. At this time, the loss paid under the Policy in defense of Movant's claim has not yet exceeded the deductible amount and no portion of the deductible has been reimbursed by Debtor.

## OBJECTION TO RELIEF FROM STAY

7. The Movant has failed to establish that the Motion should be granted. Pursuant to 11 U.S.C. § 362 (d), after notice and hearing, the Court shall grant relief from the stay either (1) for cause, including the lack of adequate protection of an interest in property of such party in interest or (2) if the stay is against property and the debtor does not have an equity in such property and such property is not necessary to an effective organization.

8. Movant asserts that "cause" for relief from the stay exists because "[n]o prejudice to the Debtor will result because [Movant] is proceeding against the Debtor and seeking to

2

recover on its claims against the Debtor only to the extent of available Insurance." *Eddy Lift Stay Motion,* ¶13. However, proceeds of an errors and omissions policy have been found to be property of the bankruptcy estate. *In re Taylor Agency, Inc.*, 281 B.R. 354, 362 (Bankr. S.D. Ala. 2001). *See also In re Burr Wolff, LP*, 2007 WL 2964835 (S.D. Tex. October 10, 2007) (finding that "A debtor has a cognizable claim to liability insurance proceeds if the debtor has a right to receive and keep the insurance proceeds or if the proceeds fail to fully satisfy all claims") (citing *Houston v. Edgeworth (In re Edgeworth),* 993 F.2d 51, 55-56 (5th Cir.1993)).

9. In the *Taylor Agency* case, there were "multiple competing creditors going against a policy limited in its coverage amount," which claims had not yet been fully determined. *Id*. at 360. The bankruptcy court found that in order for the limited proceeds to be fairly distributed (and to prevent a race to the courthouse), the debtor's errors and omissions policy proceeds were estate assets to be administered through the bankruptcy court. *Id.* at 361-62 ("Such a race could mean unfair results as between potential plaintiffs; it could also prevent a bankruptcy court from marshaling the insurance proceeds, and, along with other assets, arranging for their distribution so as to maximize their ability both to satisfy legitimate creditor claims and to preserve the debtor's estate." (quoting *Tringali v. Hathaway Machinery Co.*, 796 F.2d 553, 560 (1st Cir.1986)). Therefore, continuation of the mediation and/or any future state court litigation could affect the assets of the Debtor's estate.

10. Furthermore, the Policy deductible has not yet been reached and has not been reimbursed to Travelers. In the event Travelers continues to provide coverage under the Policy, it will be entitled to immediate reimbursement of the deductible as an administrative expense of the bankruptcy case. This would have an immediate impact on the bankruptcy estate and the administration of the Debtor's case.

11.     Although Movant asserts that "[t]he fact that the Debtor may be required to participate in the defense is not determinative of prejudice…especially when the Debtor's Insurance is obligated to provide counsel," *Eddy Lift Stay Motion,* ¶14, the focus of Debtor's key officers and employees will be shifted by the continuation of the mediation and/or any future state court litigation, which could have a direct impact and effect upon the resolution of the bankruptcy case.

12.     Specifically, the continuation of the mediation and/or any future state court litigation would trigger Debtor's obligation under the Policy to cooperate and participate in the mediation, thus distracting key officials in Debtor's operation from an efficient resolution of the bankruptcy case.  Specifically, Debtor's key officers and employees are the persons with the most knowledge regarding both the mediation and the steps necessary to efficiently resolve the bankruptcy case.  Travelers cannot participate in mediation and/or defend any future state court litigation without these officers' cooperation, focus, attention, and involvement, and the same officers are critical to the effective resolution of this bankruptcy case.  Continuation of the mediation and/or any future state court litigation without their involvement and attention would violate the Policy requirements and place both Travelers and the Debtor in a vulnerable position regarding the outcome of the mediation and/or any future state court litigation.  In addition, Debtors' project documents and records are essential in the defense of the claim.  Likewise, continuation of the bankruptcy case, while the officers are focused on mediation and/or any future state court litigation would serve only to delay resolution of this bankruptcy case, to the detriment of all other creditors of the estate.

13.     In direct contrast to Movant's assertions, the lifting of the automatic stay and the continuance of the mediation and/or any state court litigation will increase the burden on the

4

bankruptcy estate by distracting the focus of the Debtor's key personnel and will impact other bankruptcy creditors who have asserted claims under the Policy.

WHEREFORE, PREMISES CONSIDERED, Travelers Casualty and Surety Company of America respectfully requests that this Court deny the relief sought in the KRG Eddy, LLC and Kite Realty Eddy Land, LLC's Motion for Relief from Stay, find that the automatic stay remains in place with regard to the mediation and/or any future state court litigation, and grant to Travelers any such further relief to which it may be entitled.

DATED:  May 5, 2010

    Respectfully submitted,

    **MANIER & HEROD,**
    **a Tennessee professional corporation**

    */s/ Jeffrey S. Price*
    **REBECCA B. HOWALD**
    **JEFFREY S. PRICE**
    MANIER & HEROD, P.C.
    150 4th Ave. North, Suite 2200
    Nashville, TN  37219
    Tel.:   (615) 244-0030
    Fax:    (615) 242-4203
    rhowald@manierherod.com
    jprice@manierherod.com

    **Counsel to Travelers Casualty and Surety**
    **Company of America**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Objection was served electronically upon all parties receiving notice through this Court's CM/ECF System as indicated below on May 5, 2010.

**VIA CM/ECF:**

- James E. Bailey    jeb.bailey@butlersnow.com, ecf.notices@butlersnow.com
- David Blaylock    dblaylock@glankler.com, dblaylock@glankler.com; fgoodman@glankler.com
- Wendy Brewer    wendy.brewer@btlaw.com, bankruptcyindy@btlaw.com; erin.thacker@btlaw.com
- David J. Cocke    dcocke@evanspetree.com, tedwards@evanspetree.com
- M. Ruthie Hagan    rhagan@haledeweyknight.com, cbaskin@haledeweyknight.com
- Lauren Lamberth    agbankwddelk@ag.tn.gov, lauren.lamberth@ag.tn.gov
- Jeffrey S. Price    jprice@manierherod.com, rhowald@manierherod.com
- Carrie Ann Rohrscheib    carrie.a.rohrscheib@usdoj.gov
- John L. Ryder    jlr@harrisshelton.com
- Ronald G. Steen    nashvillebankruptcyfilings@stites.com
- U.S. Trustee    ustpregion08.me.ecf@usdoj.gov
- Elizabeth Weller    dallas.bankruptcy@publicans.com, Melissa.Palo@publicans.com

*/s/ Jeffrey S. Price*
Jeffrey S. Price

6